UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

CHRISTIEN D. MARTIN,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

Case No. 1:24-cv-715

Honorable Phillip J. Green

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.8.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

The Court will also deny Plaintiff's "oral statement" (ECF No. 4), construed as a motion to supplement Plaintiff's complaint, as futile.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the MDOC, the "Ionia Maximum Correctional Facility as a whole capacity," and the following ICF staff: Resident Unit Manager Unknown Reed, Assistant Deputy Warden Unknown Guilford, Unit Chief Manager (Physician) Psych Unknown Maranka, Corrections Officer Unknown Sweet, and Corrections Officer Unknown Allen.

Plaintiff alleges that he has been "tormented and harassed and retaliated [against]" upon his arrival to ICF after "suing other prison facilities." (Compl., ECF No. 1, PageID.3.) He claims that the "staff[,] mostly the COs," at ICF have been putting fentanyl and other "anesthesia medication" in his food, trying to "rape" and kill him, and that staff at Plaintiff's earlier correctional facility did the same, infecting Plaintiff with HIV. (*Id.*) "CO staff" spend the night at the prison, give "prisoners" "anesthesia medication" to put them to sleep, and when "prisoners" are sleeping, staff assault prisoners in their sleep. (*Id.*, PageID.6.) Plaintiff alleges that Defendant Allen is "a known assailant." (*Id.*)

4

Plaintiff alleges that he "died in [his] cell and came back to life," but was denied medical care by "staff and also nurse . . ." for this and "other medical issues." (*Id.*, PageID.4.)

Plaintiff further claims that "staff" do not follow MDOC policy regarding medical care, allergy care, and care of disabled "prisoner population." (*Id.*, PageID.7.) "[S]taff" instead cover up their wrongful treatment of prisoners, including by deleting video recordings. (*Id.*) Plaintiff contends that "authority" has not investigated or intervened to address Plaintiff's complaints. (*Id.*, PageID.6.)

As a result of the events described in Plaintiff's complaint, Plaintiff seeks monetary damages and injunctive relief. (*Id.*, PageID.8.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability

5

requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, the Court construes Plaintiff's complaint to include claims for retaliation in violation of Plaintiff's First Amendment rights, and harassment, sexual assault, and denial of medical care in violation of Plaintiff's Eighth Amendment rights. However, no matter how liberally construed, as explained below, Plaintiff fails to state a claim against any named Defendant.

### 1. MDOC

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Therefore, Plaintiff's claims against the MDOC are subject to dismissal on grounds of immunity.

In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, Plaintiff's claims against the MDOC are also subject to dismissal for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b), and 42 U.S.C. § 1997e(c).

### 2. Individual Defendants

Plaintiff names individual Defendants Reed, Guilford, Maranka, and Sweet in his list of parties, but does not reference these Defendants anywhere in the factual allegations of Plaintiff's complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations

as to them which would suggest their involvement in the events leading to his injuries.").

The Court notes that Plaintiff's complaint refers to actions by "staff" and "CO staff." (ECF No. 1, generally.) However, even liberally construing Plaintiff's references to staff to refer to the named Defendants does not remedy the shortcoming of Plaintiff's complaint. "Summary reference to a single, five-headed 'Defendants' [or officers] does not support a reasonable inference that each Defendant is liable . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Thus, Plaintiff's claims fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief")

Defendant Allen is the only Defendant referenced by name within the factual allegations of Plaintiff's complaint. (ECF No. 1, PageID.6.) Plaintiff alleges that the staff at ICF is taking advantage of prisoners, providing prisoners with anesthesia to induce sleep, and sexually assaulting prisoners in their sleep. (*Id.*) Plaintiff further alleges that "a known assailant is CO Allen." (*Id.*) However, Plaintiff does not allege any facts that would plausibly suggest that Defendant Allen harmed Plaintiff

9

personally or that Defendant Allen personally caused any violation of Plaintiff's constitutional rights, and Plaintiff "lacks standing to assert the constitutional rights of other prisoners." *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (quoting *Newsom v. Norris,* 888 F.2d 371, 381 (6th Cir.1989)).

In summary, although Plaintiff alleges in a conclusory manner that Defendants engaged in behavior that Plaintiff describes as "retaliation, harassment, cruel and unusual punishment, deliberate indifference, [and] wanton," Plaintiff's conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678– 79; *Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss Plaintiff's claims against the individual Defendants for failure to state a claim.

### 3. Ionia Correctional Facility

Plaintiff sues the Ionia Correctional Facility. (ECF No. 1, PageID.2.) However, the Correctional Facility is one of several facilities operated by the MDOC. It is a building; it is not amenable to suit as a separate entity. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Accordingly, Plaintiff's complaint against the Ionia Correctional Facility fails to state a claim.[2]

---

[2] To the extent that Plaintiff seeks to sue all "staff" of the Ionia Correctional Facility, his claims will be dismissed for the same reasons described in the preceding section. Plaintiff must allege facts describing what each individual defendant did to violate Plaintiff's constitutional rights. Reference to defendants or staff as a whole does not state a claim under § 1983. *Boxill*, 935 F.3d at 518.

## B.   Claims for Violation of MDOC Policy

Plaintiff alleges that Defendants violated MDOC policy.  Claims under § 1983, however, can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law or prison policy.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *see also Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007).  Additionally, courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure.  *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney*, 501 F.3d at 581 n.2; *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992).  Therefore, Plaintiff's allegations that Defendants violated MDOC policy fail to raise a cognizable federal constitutional claim.

Plaintiff may be seeking to invoke this Court's supplemental jurisdiction over his policy directive claims.  Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims.  *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  In determining whether to retain supplemental

11

jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the Court has determined that Plaintiff fails to state any cognizable federal claim against any named Defendant. Accordingly, the Court will dismiss Plaintiff's state law policy directive claims without prejudice to Plaintiff's ability to raise those claims in state court.

### III. Plaintiff's "Oral Statement"

On July 22, 2024, Plaintiff filed a document titled "oral statement." (ECF No. 4.) Plaintiff alleges that Prisoner Coker and Prisoner Parcell have been subjected to harm by MDOC staff (*id.*, PageID.15, 18), that "CO's are using brutal force against disable[d] prisoners," "[t]he mental state of the prisoners are bring over look[ed]," and fires have been started within ICF (*id.*, PageID.16), and that "staff of the (MDOC) [have] been trying to kill plaintiff . . ." (*id.*, PageID.17). Plaintiff lists as potential Defendants the following ICF staff: Warden Unknown Bonn, Corrections Officer Unknown Hancock, Corrections Officer Unknown Drescher, Corrections Officer

12

Unknown Walker, Corrections Officer Unknown Keller, Sergeant Unknown Hagenbach, Corrections Officer Unknown Brandli, Corrections Officer Unknown Ward, Corrections Officer Unknown Karum, and Assistant Deputy Warden Unknown Guilford. (*Id.*, PageID.19–20). Plaintiff also proposes to name as Defendants "Trinity Food Services and Workers at Facility" and "Mental Health Services as a whole." (*Id.*, PageID.20.) The Court will liberally construe Plaintiff's "oral statement" as a motion for leave to supplement Plaintiff's complaint.

> Federal Rule of Procedure 15(d) provides:
>
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time

Fed. R. Civ. P. 15. The standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a). *See Spies v. Voinochi*, 48 F. App'x 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)). In assessing whether to grant a motion for leave to amend or supplement a pleading, a district court may consider such factors as (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas. Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

Here, the Court will deny Plaintiff's motion to supplement his complaint as futile. As discussed above, Plaintiff "lacks standing to assert the constitutional rights of other prisoners." *Dodson*, 304 F. App'x at 438. And where, as here, Plaintiff's allegations refer to "staff" generally but do not make specific factual allegations against the individual Defendants, Plaintiff fails to state a claim against any named Defendant. *See Boxill*, 935 F.3d at 518. Thus, Plaintiff's supplemental claims, like the claims set forth in his complaint, fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). Plaintiff's efforts to supplement his complaint are, therefore, futile and will be denied.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's state law claims for violation of MDOC policy without prejudice to Plaintiff's ability to bring his claims in state court. The Court will deny Plaintiff's "oral statement" (ECF No. 4), liberally construed as a motion to supplement Plaintiff's complaint under Federal Rule of Civil Procedure 15(d) as futile.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly,

14

the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  August 21, 2024                          /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge